IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN KWIZERA, #099858309<br>　　　　Petitioner,<br><br>v.<br><br>US IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>　　　　Respondent. | No. 3:23-cv-02740-E (BT) |

## MEMORANDUM ORDER AND OPINION DISMISSING CASE AS MOOT

*Pro se* petitioner Brian Kwizera filed a habeas application under 28 U.S.C. § 2241, claiming that his prolonged detention pending removal violated 8 U.S.C. § 1231(a)(6) of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. ECF No. 3. As for relief, he sought an order of immediate removal or release pending removal. *Id.* at 7.

On September 18, 2024, the Government notified the Court that Petitioner was removed from the United States in May 2024. ECF No. 15. The Government asks the Court to dismiss Petitioner's habeas application as moot.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). "Mootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013).

Here, because Petitioner has been removed and has obtained all the relief that he sought in his petition or that he would be entitled to if successful, there is no relief that the Court can

award, and this action will be dismissed without prejudice as moot. *See, e.g.*, *Chay v. Holder*, 470 F. App'x 406, 406-07 (5th Cir. 2012); *Singh v. Mukasey*, 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009); *Caquias v. Dist. Dir. of ICE*, 2008 WL 5378173, at *1 (N.D. Tex. Dec, 23, 2008).

**IT IS ORDERED** that Petitioner's habeas application is **DISMISSED WITHOUT PREJUDICE** as moot. This case will be dismissed by separate judgment. *See* Fed. R. Civ. P. 54; Fed. R. Civ. P. 58.

**SO ORDERED this 12th day of November, 2024.**

ADA BROWN
UNITED STATES DISTRICT JUDGE